UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TONI M.,

                Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-5856 RSM

**ORDER REVERSING DENIAL OF BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff seeks review of the denial of her application for disability insurance benefits. Plaintiff contends the ALJ erred by rejecting Plaintiff's symptom testimony, and lay witness testimony. Pl. Op. Br. (Dkt. 13), p. 1. Plaintiff further contends that new and material evidence was submitted to the Appeals Council that undermines the ALJ's rejection of the opinions of Danielle Wojtkiewicz, P.T. *Id.* As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 59 years old, has at least a high school education, and has worked as a fashion coordinator. Admin. Record (Dkt. 11) ("AR") 44, 93, 158. On December 11, 2017, Plaintiff applied for benefits, alleging disability as of December 17, 2017. AR 158–59, 237–43.

Plaintiff's applications were denied initially and on reconsideration. AR 157–80.  After the ALJ conducted a hearing on July 30, 2019, the ALJ issued a decision finding Plaintiff not disabled. AR 34–46, 85–156.  In relevant part, the ALJ found Plaintiff had the severe impairment of fibromyalgia.  AR 36.  The ALJ found Plaintiff had the residual functional capacity to perform light work with additional postural and environmental limitations.  AR 39.  The ALJ found Plaintiff remained capable of performing past relevant work as a fashion coordinator.  AR 44.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1–3.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).  The ALJ is responsible for evaluating evidence, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  Although the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one interpretation, the ALJ's interpretation must be upheld if rational.  *Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005).  This Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### A.   Plaintiff's Symptom Testimony

Plaintiff argues the ALJ erred in rejecting her testimony regarding the severity of her

symptoms.[1]  Pl. Op. Br., pp. 2–6.  Plaintiff testified she stopped working because of pain and a lack of stamina.  AR 103, 261, 310.  She testified she has pain in her knees, lower back, hips, shoulders, and wrists.  AR 130, 310.  She testified she gets fatigued and has to lay down in the afternoons.  AR 115.  She testified bending and squatting are difficult.  AR 127, 262, 266, 315.  She testified she can stand or walk for 10–30 minutes.  AR 127–28, 310.  She testified she can sit for 30–40 minutes.  AR 131.  Plaintiff testified her pain affects her ability to concentrate and recall things.  AR 131, 266, 315.  She testified she has peripheral vision issues, which cause anxiety.  AR 109–10, 268.

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited."  *Trevizo*, 871 F.3d at 678.  The ALJ must first determine whether the claimant has presented objective medical evidence of an impairment that "'could reasonably be expected to produce the pain or other symptoms alleged.'"  *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014)).  If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ may only reject the claimant's testimony "'by offering specific, clear and convincing reasons for doing so.  This is not an easy requirement to meet.'"  *Trevizo*, 871 F.3d at 678 (quoting *Garrison*, 759 F.3d at 1014–15).

The ALJ found Plaintiff met the first step, but rejected her testimony because it was "not entirely consistent with the medical evidence and other evidence in the record."  AR 40.  An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence.  *See*

---

[1] Plaintiff's counsel continues to erroneously contend the ALJ failed to give "germane" reasons for rejecting Plaintiff's symptom testimony.  Pl. Op. Br., p. 2.  An ALJ is required to meet a higher standard than this, and counsel's failure to cite the correct standard in his heading indicates an inadequate level of diligence in representing his client.

ORDER REVERSING DENIAL OF BENEFITS AND
REMANDING FOR FURTHER PROCEEDINGS - 3

*Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). But the ALJ must explain how the medical evidence contradicts the claimant's testimony. *See Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Furthermore, the ALJ "cannot simply pick out a few isolated instances" of medical health that support his conclusion, but must consider those instances in the broader context "with an understanding of the patient's overall well-being and the nature of her symptoms." *Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016).

First, the ALJ erred in rejecting Plaintiff's physical symptom testimony because diagnostic imaging showed minimal to mild abnormalities. Fibromyalgia is an "unusual" disease for which "there is an absence of symptoms that a lay person may ordinarily associate with joint and muscle pain. The condition is diagnosed entirely on the basis of the patients' reports of pain and other symptoms." *Revels v. Berryhill*, 874 F.3d 648, 656 (9th Cir. 2017) (internal citations and quotation marks omitted). The ALJ noted x-rays of Plaintiff's cervical spine, lumbar spine, and left shoulder showed minimal to mild abnormalities. AR 42. But "mostly normal results" from imaging "are perfectly consistent with debilitating fibromyalgia." *Revels*, 874 F.3d at 666.

Second, the ALJ erred in rejecting Plaintiff's physical symptom testimony because she had "unremarkable neurologic exams." AR 42. The record documents appointments where Plaintiff had sciatica pain, but was otherwise normal. AR 416. She showed normal gait, strength, and muscle tone, but some limited range of motion in her back. *See* AR 763, 766, 772, 802, 806, 810. Plaintiff had tenderness to palpation over her bilateral upper trapezius muscles, cervical and lumbar spine, and other common myofascial tender points. AR 815, 817, 819. The ALJ failed to explain how this evidence contradicted Plaintiff's testimony, and thus erred. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) ("While an ALJ may find

testimony not credible in part or in whole, he or she may not disregard it solely because it is not substantiated affirmatively by objective medical evidence.").

Third, the ALJ erred in rejecting Plaintiff's physical symptom testimony based on the finding that she "repeatedly rated her pain level 0 to 3 out of 10." AR 42. An ALJ may not reject evidence based on an inaccurate portrayal of the record. *See Reddick v. Chater*, 157 F.3d 715, 722–23 (9th Cir. 1998). Plaintiff at times rated her pain between zero to three, but at other times rated her pain up to seven. *See* AR 370, 471, 477, 483, 489, 514–22. The ALJ's finding was thus not an accurate representation of the record.

Fourth, the ALJ erred in rejecting Plaintiff's physical symptom testimony based on the finding that "medications have been relatively effective in controlling [Plaintiff's] pain." AR 42. "[I]mproved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in a workplace." *Garrison*, 759 F.3d at 1017 (citing *Hutsell v. Massanari*, 259 F.3d 707, 712 (9th Cir. 2001)). The evidence indicates medication improved Plaintiff's pain, but did not show medication improved her functioning. *See* AR 800, 804, 808, 812. Plaintiff also continued to rate her pain between four and seven out of ten. *See* AR 801, 804, 809, 812.

Fifth, the ALJ erred in rejecting Plaintiff's testimony based on her activities of daily living. An ALJ may reject a plaintiff's symptom testimony based on her daily activities if they contradict her testimony or "meet the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). However, "the Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or

ORDER REVERSING DENIAL OF BENEFITS AND
REMANDING FOR FURTHER PROCEEDINGS - 5

take medication." *Fair*, 885 F.2d at 603 (internal citations omitted).  Here, the ALJ found Plaintiff "had been raising her grandson for the last 1.5 years."  AR 42.  But the ALJ failed to acknowledge the grandson was 19.  AR 112.  The ALJ noted Plaintiff performed some activities such as household chores, helped a friend in hospice care, and traveled to Mexico on one occasion.  AR 42–43.  These activities do not contradict Plaintiff's testimony, particularly regarding her alleged stamina limitations, nor do they demonstrate transferable work skills.  The ALJ therefore erred in rejecting Plaintiff's physical symptom testimony as inconsistent with her daily activities.

  Sixth, the ALJ erred in rejecting Plaintiff's physical symptom testimony as inconsistent with her work activity during the alleged disability period.  That a claimant worked for a short period of time during the alleged disability period, but failed to sustain that employment, does not justify rejecting the claimant's testimony.  *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1038–39 (9th Cir. 2007).  As the ALJ noted, Plaintiff earned $600 in the first quarter of 2018, and $1200 in the third quarter of 2018.  AR 43.  Such brief work, which the ALJ found did not qualify as substantial gainful employment, does not contradict Plaintiff's physical symptom testimony.  *See* AR 36.  The ALJ thus failed to provide clear and convincing reasons for rejecting Plaintiff's testimony regarding the severity of her physical symptoms, and erred.

  Turning to Plaintiff's mental symptom testimony, the ALJ partially erred in rejecting Plaintiff's statements.  The ALJ reasonably interpreted the medical evidence in finding it was inconsistent with Plaintiff's allegations of depression and anxiety, as most records noted Plaintiff had normal mood, affect, and judgment, with no reported depression or anxiety.  *See* AR 421, 429, 684, 759–60, 805, 815, 817–18.  But the ALJ erred in rejecting Plaintiff's claims of impaired concentration and recall.  The ALJ pointed to evidence showing Plaintiff was "alert"

ORDER REVERSING DENIAL OF BENEFITS AND
REMANDING FOR FURTHER PROCEEDINGS - 6

and "oriented" at appointments, but failed to address that those providers generally did not evaluate concentration or recall, which are not equivalent to alertness and orientation.  *See* AR 42, 684, 802, 806, 810, 813–14, 816.  The one appointment the ALJ noted that indicated Plaintiff had intact remote memory also indicated Plaintiff had impaired recent memory, a fact the ALJ did not address.  *See* AR 42, 574.

The ALJ also rejected Plaintiff's mental symptom testimony based on a lack of treatment.  AR 42.  This was a harmless error with respect to Plaintiff's claims of depression and anxiety because, as stated above, the ALJ reasonably rejected this testimony as inconsistent with the medical evidence.  *See Molina*, 674 F.3d at 1115 ("[A]n error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion.'" (quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004))).  To the extent the ALJ also intended the lack of mental treatment to apply to Plaintiff's claims of impaired concentration and recall, however, the ALJ harmfully erred.  The ALJ did not identify any additional treatment available to treat these impairments, nor is any apparent from the record.  *See* AR 42.

In sum, the ALJ harmfully erred in rejecting Plaintiff's testimony regarding the severity of her physical symptoms and her impaired concentration and recall.  The ALJ did not harmfully err in rejecting Plaintiff's testimony regarding the severity of her depression and anxiety.

**B.      Lay Witness Testimony**

Plaintiff argues the ALJ erred by rejecting lay witness testimony from Christopher M.,[2] Ernest Snelling, and Aquaya Walker.  Pl. Op. Br., p. 8.  Mr. M. submitted a written statement in which he reported Plaintiff had difficulty getting out of bed.  AR 322.  He reported Plaintiff

---

[2] This witness has the same last name as Plaintiff, so his last name is omitted in keeping with local practice.

ORDER REVERSING DENIAL OF BENEFITS AND
REMANDING FOR FURTHER PROCEEDINGS - 7

struggled walking on even relatively flat sidewalks. *Id.* He reported Plaintiff had to lay down and nap in the afternoons. *Id.* Mr. M. testified Plaintiff "lacks focus and gets overwhelmed very easily." *Id.*

Mr. Snelling submitted a written statement in which he reported Plaintiff would lose focus, causing anxiety and stress. AR 323. He reported Plaintiff stopped volunteering in bible studies as a result. *Id.*

Ms. Walker testified Plaintiff had trouble standing for short periods of time. AR 136. She testified Plaintiff could not do work activities involving bending or working with her hands. *Id.* She testified Plaintiff could be on her feet without difficulty for 10–15 minutes. AR 138–39. Ms. Walker testified Plaintiff had trouble sitting. AR 141. She testified Plaintiff had trouble holding and recalling information. AR 142.

The ALJ found these statements were "generally credible as to their observations," but were "inconsistent with the medical evidence of record" and Plaintiff's "demonstrated level of activity throughout the record." AR 44.

In determining disability, "'an ALJ must consider lay witness testimony concerning a claimant's ability to work.'" *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006)). The ALJ must "give reasons germane to each witness" before he can reject such lay witness evidence. *Molina*, 674 F.3d at 1111 (internal citations and quotation marks omitted). "Further, the reasons 'germane to each witness' must be specific." *Bruce*, 557 F.3d at 1115 (quoting *Stout*, 454 F.3d at 1054).

The ALJ's reasoning in rejecting the lay witness statements—that they were inconsistent with the medical evidence and Plaintiff's daily activities—was the same as his reasoning with respect to Plaintiff's testimony. *See* AR 42–44. That reasoning fails here for the same reasons it

ORDER REVERSING DENIAL OF BENEFITS AND
REMANDING FOR FURTHER PROCEEDINGS - 8

failed with respect to Plaintiff's testimony, and the ALJ thus erred.

C. **Ms. Wojtkiewicz's Opinions**

Plaintiff argues the ALJ erred by rejecting Ms. Wojtkiewicz's opinions in light of a letter submitted to the Appeals Council from one of Plaintiff's treatment providers, which Plaintiff contends supports Ms. Wojtkiewicz's opinions. Pl. Op. Br., p. 7.[3] Ms. Wojtkiewicz evaluated Plaintiff in November 2018. AR 578–602. Ms. Wojtkiewicz opined Plaintiff could perform work at the sedentary level. AR 578. Ms. Wojtkiewicz opined Plaintiff could stand, walk, and sit for up to one-third of a workday; lift, carry, push, and pull 10 pounds up to one-third of the day; climb or crouch up to one-third of the day; balance between one-third and two-thirds of the day; never crawl; and finger, or reach forward or above the shoulder up to one-third of the day. AR 580.

The ALJ found Ms. Wojtkiewicz's opinions "not persuasive." AR 43. The ALJ reasoned this opinion was based on a one-time evaluation, Ms. Wojtkiewicz was not an acceptable medical source, and her opinions were inconsistent with the overall treatment record. AR 43–44.

After the ALJ's decision, Plaintiff submitted a letter from treating provider Thanh Pham, M.D., to the Appeals Council. *See* AR 75. In the letter, Dr. Pham stated he concurred with Ms. Wojtkiewicz's evaluation. *Id.*

Because this matter is being remanded for further proceedings, the Court need not decide whether Dr. Pham's letter deprives the ALJ's decision to reject Ms. Wojtkiewicz's opinions of substantial evidentiary support. On remand, the ALJ shall reconsider Ms. Wojtkiewicz's

---

[3] Plaintiff failed to pinpoint the citation for this letter in the record. *See* Pl. Op. Br., p. 7. Again, counsel's lack of diligence has raised the specter of prejudicing his client. It is not the job of this Court to scour the record to find evidence supporting a party's claims.

ORDER REVERSING DENIAL OF BENEFITS AND
REMANDING FOR FURTHER PROCEEDINGS - 9

opinions and consider Dr. Pham's letter.

**D.  Scope of Remand**

Plaintiff cursorily asks the Court to remand this matter for an award of benefits. *See* Pl. Op. Br., p. 8. Except in rare circumstances, the appropriate remedy for an erroneous denial of benefits is remand for further proceedings. *See Leon v. Berryhill*, 880 F.3d 1041, 1043 (9th Cir. 2017) (citing *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014)). Plaintiff has not analyzed the factors the Court considers before remanding for an award of benefits, nor shown any rare circumstances. The Court will remand for further administrative proceedings.

On remand, the ALJ shall reevaluate Plaintiff's testimony regarding the severity of her physical symptoms, and her impaired concentration and recall. The ALJ shall reevaluate the lay witness statements of Mr. M., Mr. Snelling, and Ms. Walker, and the opinions of Ms. Wojtkiewicz. The ALJ shall reassess Plaintiff's RFC, and all relevant steps of the disability evaluation process. The ALJ shall conduct all further proceedings necessary to reevaluate the disability determination in light of this opinion.

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 27th day of April, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE