UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| TONI MARIE MOTHE, | ) |
| | ) CASE NO. C20-5856-RSM |
| Plaintiff, | ) |
| | ) ORDER DENYING MOTION |
| vs. | ) FOR EAJA FEES |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

This matter comes before the Court on the Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. #19.

Under EAJA, the Court must award attorney's fees to the prevailing party in an action such as this unless it finds the government's position was "substantially justified" or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). EAJA creates a presumption that fees will be awarded to a prevailing party, but Congress did not intend fee shifting to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995); *Zapon v. United States Dep't of Justice*, 53 F.3d 283, 284 (9th Cir. 1995). Rather, the Supreme Court has interpreted the term "substantially justified" to mean that a prevailing party is not entitled to recover fees if the

ORDER DENYING MOTION FOR EAJA FEES - 1

government's position is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 566 (1992). The decision to deny EAJA attorney's fees is within the discretion of the court. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). Attorneys' fees under EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

This Motion is untimely. In *Melkonyan v. Sullivan*, the Supreme Court recognized that a prevailing party must file a motion for attorney fees under the EAJA within 30 days of final judgment. *Melkonyan v. Sullivan*, 501 U.S. 89, 103 (1991); *see* 28 U.S.C. § 2412(d)(1)(B). However, because the Commissioner has 60 days in which to appeal a judgment of a federal district court, FED. R. APP. P. 4(a)(1)(B), the 30-day period does not begin to run until 60 days after the district court has issued a judgment that is no longer appealable. 28 U.S.C. § 2412(d)(1)(G); *Melkonyan*, 501 U.S. at 94-95; *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007). Here, the Court entered Judgment on April 27, 2021. Dkt. # 18.  Therefore, Plaintiff had until Monday, July 26, 2021, to move for an award of EAJA attorney fees.  However, Plaintiff did not file the instant EAJA petition until August 20, 2021, nearly a month after the EAJA deadline expired. Dkt. # 19. Plaintiff claims that this delay is due to the Government's delay in failing to respond, "to multiple attempts to obtain consent to a stipulation motion." Dkt. #19 at 1. The Court does not find the parties' failure to enter a stipulated motion as good cause for the late filing.

For the reasons set forth above, the Court ORDERS that Plaintiff's motion, Dkt. #19, is DENIED.

//

//

DATED this 24th day of August, 2022.

*[signature]*

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR EAJA FEES - 3