UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TONI MARIE MOTHE, | ) |
| | ) CASE NO. C20-5856-RSM |
| Plaintiff, | ) |
| | ) ORDER GRANTING PLAINTIFF'S |
| vs. | ) MOTION FOR ATTORNEY'S FEES |
| | ) UNDER 42 U.S.C. § 406(b) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Presently before the Court is Plaintiff Toni Marie Mothe's Motion for Attorney's Fees under 42 U.S.C. § 406(b). Dkt #23. Plaintiff seeks attorney's fees in the amount of $2,917.52. *Id.* On September 13, 2022, Defendant Commissioner of Social Security filed a response noting the Commissioner was "unable to state a position on the merits of Plaintiff's request" due to Plaintiff's failure to attach exhibits referenced in her Motion. Dkt. #24 at 1. On September 28, 2022, Plaintiff filed a reply admitting her Motion's deficiencies and finally attaching the aforementioned exhibits. Dkt. #25. On October 5, 2022, the Court directed the Commissioner to file a sur-response by October 12, 202, and allowed Plaintiff to file a sur-reply if any by October 17, 2022. Dkt. #26.

ORDER - 1

On October 6, 2022, Commissioner filed a sur-response stating it does not object to the total amount sought by Plaintiff. Dkt. #27. As a result, the Court finds a sur-reply from Plaintiff unnecessary.

Attorney's fees may be awarded to a successful social security claimant's lawyer for his or her representation before a court pursuant to 42 U.S.C. §§ 406(b). *Straw v. Bowen,* 866 F.2d 1167 (9th Cir.1989). Plaintiff must apply to the Social Security Administration for an award of fees for representation at the administrative level. 42 U.S.C. § 406(a); *Stenswick v. Bowen,* 815 F.2d 519 (9th Cir.1987). Under 42 U.S.C. § 406(b), the Court may allow a reasonable fee for an attorney who represented a Social Security Title II claimant before the Court and obtained a favorable judgment, as long as such fee is not in excess of 25% of the total past-due benefits. *See Grisbrecht v. Barnhart*, 535 U.S. 789 (2002). Plaintiff was awarded $59,254.10 in past due benefits. Dkt. #25 at 15. Twenty-five percent of past due benefits is $14,813.52. The Court concludes that the attorney's fees sought by counsel are reasonable within the meaning of § 406(b). Plaintiff's counsel is entitled to a gross attorney fee of $2,917.52. Because the Court denied Plaintiff's motion for EAJA fees as untimely (Dkt. #23), counsel is entitled to a net award of $2,917.52.

## CONCLUSION

Accordingly, having reviewed Plaintiff's Motion, the Commissioner's Response, Plaintiff's Reply, the exhibits and declarations attached thereto, the Commissioner's Sur-Response, and the remainder of the record, the Court ORDERS as follows:

1) Plaintiff's Motion for an Award of Attorney's Fees (Dkt. #23) is GRANTED. Plaintiff's counsel is awarded 42 U.S.C. § 406(b) gross attorney fees in the sum of $2,917.52. The Commissioner is directed to send to Plaintiff's counsel an award of $2,917.52, minus any applicable processing fees as allowed by statute;

2) This payment of fees comprises 4.92% of Plaintiff's past-due benefits;

3) Any payment of fees is from claimant's withheld past due benefits. If the Commissioner has not withheld past-due benefits sufficient to satisfy this order and Plaintiff's attorney reports he is unable to collect the fee from the claimant, the Commissioner will satisfy this Order via the procedures in the Program Operation Manual System (POMS) GN 03920.055.C.

IT IS SO ORDERED.

DATED this 13th day of October, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 3